THIS OPINION HAS NO PRECEDENTIAL VALUE. 
 IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 268(d)(2), SCACR.

THE
 STATE OF SOUTH CAROLINA
In The Court of Appeals
 
 
 
 The State, Respondent,
 v.
 Ackief Pauling, Appellant.
 
 
 

Appeal
 From Richland County

John C.
 Few, Circuit Court Judge

Unpublished
 Opinion No.  2010-UP-379
 
Submitted
 June 1, 2010  Filed August 3, 2010 
 
 

AFFIRMED

 
 
 
 
 Appellate Defender Elizabeth Franklin-Best,
 of Columbia, for Appellant.
 
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Assistant Attorney General A. West Lee, and Solicitor Warren
 Blair Giese, all of Columbia, for Respondent.
 
 
 

PER CURIAM: Ackief Pauling appeals his convictions
 for first-degree criminal sexual conduct,
 kidnapping, armed robbery, and first-degree burglary.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
 
 1.  As to whether the trial court erred in
 allowing the use of a Spanish interpreter retained by the solicitor's office:  State
 v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) (holding an issue
 must have been raised to and ruled upon by the trial court in order to be
 preserved for appellate review).
 2.  As to whether the
 solicitor's closing argument infected Pauling's trial with unfairness and
 denied him his right to due process:  Id. (holding an issue must have
 been raised to and ruled upon by the trial court in order to be preserved for
 appellate review).
 3.  As to whether the trial
 court erred in admitting inadmissible hearsay: Austin v. Stokes-Craven Holding Corp., 387 S.C. 22, 39, 691 S.E.2d 135, 143-44 (2010) (recognizing
 that when a trial court sustains an objection, the appellate court has nothing
 to decide given the objecting party received the relief he sought); see also State v. Thompson, 304 S.C. 85, 87, 403 S.E.2d 139, 140 (Ct. App. 1991)
 (holding when an objection is sustained and no further relief is sought, no
 issue is preserved for appeal as appellant received all relief requested from the
 trial court).
 4.  As to whether Pauling's
 indictment for first-degree burglary was insufficient:  State v. Gentry,
 363 S.C. 93, 103, 610 S.E.2d 494, 500 (2005) (holding an objection to the
 sufficiency of an indictment made after the jury is sworn is untimely); see
 also S.C. Code Ann. § 17-19-90 (2003) ("Every objection to any
 indictment for any defect apparent on the face thereof shall be taken by
 demurrer or on motion to quash such indictment before the jury shall be sworn
 and not afterwards.").
 
 AFFIRMED.
 
 
 KONDUROS,
 GEATHERS, and LOCKEMY, JJ., concur.  
 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.